357 So.2d 539 (1978)
Robert JASMIN
v.
GAFNEY, INCORPORATED and Northern Assurance Company.
No. 61009.
Supreme Court of Louisiana.
April 10, 1978.
*540 James H. Drury, Drury, Lozes & Curry, New Orleans, for defendants-respondents.
Charles R. Chesnutt, III, New Orleans, for plaintiff-applicant.
SANDERS, Chief Justice.
In this case, we must determine whether an appeal, mistakenly dismissed with prejudice, may be reinstated.
In plaintiff's suit for workmen's compensation, the trial court awarded defendant $65 per week for not more than 500 weeks.
Defendants timely perfected an appeal. However, before review of the judgment, defendants moved for dismissal of their appeal with prejudice, alleging settlement. The Court of Appeal dismissed defendant's appeal on October 22, 1975.
As the defendants made no payments, plaintiff filed a rule nisi to make the January 14, 1975 judgment executory and to accelerate all payments. Consequently, defendant filed a counterrule, seeking to have the amount due plaintiff reduced to the $18,000 settlement agreed upon by counsel. The trial court denied defendant's motion, but stayed all proceedings without ruling on plaintiff's motion.
The Court of Appeal granted defendants' application for supervisory writs and recalled its earlier dismissal of defendants' appeal, reinstating the appeal.
Plaintiff then applied to this Court for supervisory writs, which we granted. Jasmin v. Gafney, La., 352 So.2d 1031 (1977).
After our review of the law and the proceedings, we have determined that the Court of Appeal erroneously reinstated defendants' appeal.
In October of 1975, while the appeal was pending, counsel for the litigants agreed upon a $14,500 settlement. Under LSA-R.S. 23:1272, any settlement must be judicially approved. Therefore, counsel for defendants had the record returned to the trial court by submitting a motion to dismiss the appeal with prejudice on October 22, 1975, stating: "that the matter had been settled and compromised. . . ." Consequently, the Court of Appeal dismissed the appeal with prejudice.
However, plaintiff declined the $14,500 settlement negotiated by his attorney. In April of 1976, counsel for the litigants renegotiated and again agreed to an $18,000 settlement. The attorneys submitted this $18,000 settlement to the district judge who conditioned his approval upon its submission in a joint verified petition in accordance with LSA-R.S. 23:1272.
When confronted by his attorney with the necessary papers for his signature, plaintiff again refused the settlement offer renegotiated by his attorney.[1]
Defendants argue that plaintiff's compensation benefits should be reduced to the amount reached in settlement negotiations between counsel. Like the Court of Appeal, we find that plaintiff did not agree to any settlement offer. It is of no moment that his attorney found the negotiated settlement satisfactory.
A settlement must be in writing. LSA-C.C. Art. 3071.[2] LSA-R.S. 23:1272[3] *541 specifically provides that a workmen's compensation compromise must be approved by the court upon a joint petition verified by all parties. Therefore, absent compliance with this procedure, there is no settlement.
Alternatively, defendants sought to have the Court of Appeal reinstate their appeal which they had dismissed with prejudice, stating: "that the within matter has been settled and compromised. . . ."
Relying upon LSA-C.C. Art. 1825, the Court of Appeal concluded that the defendants dismissed the appeal with prejudice based upon an error of fact, that the compromise had been approved by plaintiff, and that formalization would follow.
LSA-C.C. Art. 1825 provides: "The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made."
We find the Court of Appeal's reliance upon Article 1825 misplaced. Defendants' motion to have the appeal dismissed is not a contract. Moreover, the plaintiff did not join in the motion.[4]
Defendants voluntarily dismissed their appeal with prejudice over twenty-three months ago. Our research discloses no authority permitting a reinstatement. Thus, we conclude the Court of Appeal erred in reinstating the appeal.
For the reasons assigned, the judgment of the Court of Appeal reinstating the appeal is reversed. The case is remanded to the district court for further action consistent with the views herein expressed.
NOTES
[1] Plaintiff later discharged his attorney and retained his present attorney.
[2] LSA-C.C. Article 3071 provides:

"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
"This contract must be reduced into writing."
[3] LSA-R.S. 23:1272 provides in pertinent part:

"The agreement entered into between the employee or his dependents and the employer or his insurer, shall be presented to the court for its approval upon a joint petition verified by all parties thereto. The judge to whom the petition is presented shall, in every case, discuss the settlement and its terms with the employee or his dependents. * *"
[4] The defendants' petition for dismissal did not state that plaintiff concurred in the dismissal. Plaintiff, however, was served with the petition for dismissal.