GULOTTA, Judge.
Plaintiff moves to dismiss defendants’ appeal in this Workmen’s Compensation suit on the grounds that defendants acquiesced in a judgment rendered against them. See C.C.P. 2085. We deny the motion.
Defendants, in answer to the motion, deny that they agreed on or acquiesced in a judgment providing for a lump sum settlement. The record, in pertinent part, reflects:
“THE COURT:
Judgment is hereby entered into declaring the Petitioner, Albert Martin, Sr., to be totally and permanently disabled under the Workmen’s Compensation Law which was applicable at the time of this injury. The injury was on September 23, 1974 and the 1973 Amendment, which is sixty-five dollars *545 a week for a period of five hundred weeks subject to the amount paid to the plaintiff.
Let the record refleet that Carlos E. Lazarus, Counsel for Argonaut Insurance Company, checked and telephoned his company and they hereby agree to pay the Petitioner a lump sum amount for his having been declared permanently and totally disabled. The lump sum discounted amount to be paid to the Petitioner will be in the vicinity of sixteen thousand dollars, give or take, the exact figure to be computed. And it is to be noted that the Defendants have thus far paid $6,696.00 in workmen’s compensation benefits and $4,372.48 in medical. Is that correct, gentlemen?
MR. LAZARUS:
Yes, sir.”
And again:
“THE COURT:
Let the record reflect that future medical expenses, if any are necessary, will be granted by the Court at a future hearing. The judgment is going to read, and you will prepare the judgment, Mr. Campbell, showing appearances, reasons dictated into the record granting him full permanent and total disability at the amount of sixty-five dollars a week from the date of the injury for five hundred weeks and credit for the above amount mentioned, the amount the Petitioner has already received, which amount the Court is to understand the Defendant hereby agrees to pay in the above-mentioned lump sum discounted value.
It is further ordered that future medical expenses if this Court feels necessary are also to be paid by the Defendant. The above is the stipulated judgment that is being entered herein, is that correct, Mr. Lazarus?
MR. LAZARUS:
Yes, sir.”
It is evident that defendants’ affirmative response to the trial judge in the transcript was given to a lengthy and complex question and it is not clear whether there was agreement to all or only portions of the questions.
Furthermore, while this judgment was dictated into the record by the trial judge and later drawn up into a written document by the plaintiff and signed by the trial judge, it was not signed by defendants. In Parkerson v. R-5, Inc., et al., La.App., 4 Cir., 305 So.2d 592, writs denied, La., 309 So.2d 679, we held that a consent judgment is one based on the consent or compromise agreement between the parties. We stated then that a compromise or consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent. In our opinion we also referred to Civil Code Article 3071 which requires that a compromise is an agreement which must be reduced to writing.[1]
Because doubt exists whether or not defendants acquiesced in the lump sum payment[2] (also realizing defendants did not acquiesce in writing), we deny the motion to dismiss the appeal.
MOTION DENIED.

. L.S.A. C.C. art. 3071.
Article 3071. Transaction or compromise definition.
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner in which they agree on, and which everyone of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing.

. See Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594; Succession of Tullier, 216 La. 821, 44 So.2d 880; Police Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124; Mares v. La. Wildlife and Fisheries Commission, 228 So.2d 694 (La.App., 4th Cir. 1969).