376 So.2d 500 (1979)
Albert MARTIN, Sr.
v.
HOLZER SHEET METAL WORKS, INC. and Argonaut Insurance Companies.
No. 64565.
Supreme Court of Louisiana.
October 8, 1979.
*501 Carlos E. Lazarus, Jr., Houma, counsel for defendants-respondents.
John P. Campbell, III, New Orleans, counsel for plaintiff-applicant.
DENNIS, Justice.
In this workmen's compensation case we are called upon to decide whether oral consent to judgment in open court by the employer's attorney constitutes a confession of judgment in trial court proceedings which precludes an appeal under Article 2085 of the Code of Civil Procedure. The court of appeal refused to dismiss the employer's appeal, concluding that the parties must reduce their agreement to writing before a consent judgment may be entered; and that the record in this case was unclear as to whether the employer's attorney agreed to all of the judgment. Martin v. Holzer Sheet Metal Works, Inc., 363 So.2d 544 (La. App. 4th Cir. 1978). Accordingly, the intermediate court rescinded the consent judgment and remanded for further proceedings. Martin v. Holzer Sheet Metal Works, Inc., 370 So.2d 672 (La.App. 4th Cir. 1979).
We reverse. The employer's appeal should have been dismissed because its attorney clearly and unequivocally agreed in open court to the entire judgment rendered against it. A confession of judgment need *502 not be in a particular form to warrant dismissal of an appeal. It is only necessary that the confession occur in the proceedings in the trial court and that it amount to an admission by a party to the validity of his opponent's claim in such a way as to leave no issue to be tried.
The events leading to the consent judgment are not disputed in the record. Albert Martin, Sr. was employed by Holzer Sheet Metal Works, Inc. as a roofer. Martin alleged that on September 23, 1974 he was severely injured during his employment when hot roofing tar splashed on his hands and forearms, causing third degree burns requiring a skin graft, and aggravating dormant arthritis in his wrist. He also contended that the accident resulted in great disfigurement and his total inability to perform work of any reasonable character. In its answer, the employer admitted that Martin was employed on the date in question and that it received notice of an accident involving him on the same day, but denied Martin's remaining allegations.
On the day the case was set for trial the parties' attorneys appeared in open court and orally agreed to a judgment declaring Martin to be totally and permanently disabled, awarding him a discounted lump sum amount, and reserving his rights to claim future medical expenses. The trial judge recited the terms of the proposed judgment, pausing twice to ask if his restatement correctly reflected their agreement, once in the middle and again at the end of the stipulation. At both points each attorney said, "Yes, sir." The entire transcript of this proceeding is set forth as an appendix to this opinion.
About one month following the proceeding in open court, the trial judge signed a judgment in accordance with the terms stipulated. The employer's attorney did not object to the provisions of the judgment, insofar as the record discloses, and did not move for a new trial.
Nevertheless, the employer appealed. The court of appeal denied Martin's motion to dismiss the appeal and ultimately vacated the consent judgment on the grounds that the employer's attorney had not agreed to all terms of the judgment unequivocally and in writing. 363 So.2d 544, 545, 370 So.2d 672.[1] We granted certiorari primarily because the court of appeal opinion incorrectly implied that a confession of judgment must be preceded by a written contract.
A confession of judgment precluding an appeal need not be in writing or in a particular form. It must, however, consist of an admission by a party in the proceedings in the trial court of the validity of his opponent's claim in such a way as to leave no issue to be tried. La.C.C.P. art. 2085, Comments (b) and (c). Quaid v. Cyclone Fence Co., 226 La. 398, 76 So.2d 409 (1954). An in-court confession of judgment precludes an appeal under the code because it is made under the eye of the court and therefore without force or pressure. An extrajudicial confession, on the other hand, does not have this effect because it is not made under the court's protection. La.C. C.P. art. 2085, Comment (b).
The proposed judgment to which the employer's attorney consented was a valid confession of judgment because it was made in open court and amounted to an admission by the employer to the validity of Martin's claim. The transcript of the proceedings in the trial court reveals no cause to doubt that unequivocal consent to the *503 judgment was given in behalf of the employer. The trial judge's cogent recitation of the terms of the judgment should have been understood easily by an attorney. The employer's attorney indicated twice during the proceeding that he understood and approved of the judgment as outlined by the court. The judgment itself does not appear unjust or highly unusual so as to indicate that the attorney misunderstood its provisions. On the record in this case, therefore, we find that the employer's attorney undoubtedly understood and agreed to the judgment. The agreement constituted a confession of judgment under La.C.C.P. art. 2085; the appeal should have been dismissed.[2]
The court of appeal judgment is reversed and the defendant's appeal is dismissed. All costs are assessed to the defendant-respondent.
REVERSED.

APPENDIX

PROCEEDINGS
THE COURT:
Let the record reflect in this matter that this is a Workmen's Compensation case called on this date for trial. After lengthy discussion with counsel for the Plaintiff and the Plaintiff himself, Albert Martin, Sr., and counsel for the Defendant, Carlos E. Lazarus, a compromise and consent judgment is hereby stipulated and agreed to as follows:
Judgment is hereby entered into declaring the Petitioner, Albert Martin, Sr., to be totally and permanently disabled under the Workmen's Compensation Law which was applicable at the time of this injury. The injury was on September 23, 1974 and the 1973 Amendment of the Workmen's Compensation Law is the governing Amendment, which is sixty-five dollars a week for a period of five hundred weeks subject to the amount paid to the Plaintiff.
Let the record reflect that Carlos E. Lazarus, Counsel for Argonaut Insurance Company, checked and telephoned his company and they hereby agree to pay the Petitioner a lump sum amount for his having been declared permanently and totally disabled. The lump sum discounted amount to be paid to the Petitioner will be in the vicinity of sixteen thousand dollars, give or take, the exact figure to be computed. And it is to be noted that the Defendants have thus far paid $6,696.00 in workmen's compensation benefits and $4,372.48 in medical. Is that correct, gentlemen?

*504 MR. LAZARUS:
Yes, sir.
MR. CAMPBELL:
Yes, sir.
THE COURT:
It is further ordered, adjudged and decreed that the Defendant will pay all the reasonable future medical cost involved herein. There has been a medical report submitted by Dr. Delgado, a plastic surgeon, and the Court is affording to the Defendant the right to have the Plaintiff examined by another plastic surgeon to see if he agrees with Dr. Delgado's findings. If he disagrees with the findings then the Court will have to have a hearing to determine what future medical expenses, if any, are allowed, what future medical expenses, if any, are allowed.
But let the record reflect that future medical expenses, if any are necessary, will be granted by the Court at a future hearing. The judgment is going to read, and you will prepare the judgment, Mr. Campbell, showing appearances, reasons dictated into the record granting him full permanent and total disability at the amount of sixty-five dollars a week from the date of the injury for five hundred weeks and credit for the above amount mentioned, the amount the Petitioner has already received, which amount the Court is to understand the Defendant hereby agrees to pay in the above-mentioned lump sum discounted value.
It is further ordered that future medical expenses if this Court feels necessary are also to be paid by the Defendant. The above is the stipulated judgment that is being entered herein, is that correct, Mr. Lazarus?
MR. LAZARUS:
Yes, sir.
THE COURT:
Mr. Campbell?
MR. CAMPBELL:
Yes, sir.
As I mentioned before, Your Honor, the Petitioner has already received $6,697.00 in workmen's compensation payments and $4,372.48 in medical expenses. Do I get reimbursed for a hundred and seventy-five dollars for Dr. Delgado's examination?
THE COURT:
Yes. It is further ordered, adjudged and decreed that the medical expense of a hundred and seventy-five dollars paid by the Plaintiff's attorney be reimbursed to him in this judgment. The Defendant pays the Court cost herein and there is no interest on any payment.
NOTES
[1] The court of appeal relied on Parkerson v. R5, Inc., 305 So.2d 592 (La.App. 4th Cir. 1974) to set aside the consent judgment in the trial court, it allegedly not being in accordance with the agreement of the parties. The Parkerson case is readily distinguishable. The attack there was allowed because the judgment itself contained a clear contradiction in terms. It was therefore evident that there was some lack of consent. In this case no evidence is presented on the record which shows a lack of consent.

The court of appeal also made mention of Civil Code article 3071 which requires that compromises be in writing. This article is placed in the code to insure proper proof of extrajudicial agreements and does not apply to a confession of judgment during proceedings in court.
[2] The employer's attorney makes several additional arguments which we reject without lengthy discussion because they are based on evidence not in the record. He contends that the proceedings transcribed in the appendix took place in chambers during pre-trial conference rather than in open court as appears in the record. Although he concedes that the transcript correctly reports the proceedings and that the judgment faithfully follows the stipulated compromise, the attorney argues that the court of appeal correctly set aside the judgment because he did not understand that he was committing his client to pay a lump sum amount. He claims that he called this to the trial judge's attention to no avail before the judgment was actually rendered and signed.

Without implying that proof of the attorney's allegations would raise meritorious issues, we do not consider these arguments because to do so would require us to go outside the record in this case which we choose not to do in light of the fact that the judgment and the entire record are valid on their face and thoroughly consistent. It should be noted, however, that if the parties' stipulation had occurred in pre-trial conference, rather than in open court, as the record indicates, the same result would follow. In such a case, the record of the trial judge's statement of the judgment to be entered, and the agreement thereto by the parties, would constitute a pre-trial order, which not only becomes part of the trial court proceedings, but controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. La.C.C.P. art. 1551.
The plaintiff waived his claim to penalties and attorney fees for the employer's arbitrary refusal to pay workmen's compensation, see La.R.S. 22:658 and 23:1201.2 by his agreement to the compromise judgment. Although the assessment of all costs to the employer is warranted, its appeal was not so frivolous as to justify an award of attorney's fees. See La.C. C.P. art. 2164.