GULOTTA, Judge.
In this worker’s compensation case, we are confronted with the question whether an oral settlement dictated into the record is binding against a plaintiff who subsequently refused to execute written settlement documents.
Plaintiff filed suit for total and permanent disability arising from her work-related back injury. On the date the case was scheduled for trial, the following discussion among the judge and counsel ensued:
THE COURT:
Let the record reflect that this case was docketed for trial on its merits as of today’s date. Following a pretrial conference, the attorneys of record informed the Court that they have settled and they will subsequently present workmen’s compensation settlement forms or papers. They have asked the Court to approve of the settlement and the Court has approved and spoken to the claimant. The settlement is for the defendant to pay to the plaintiff the sum of $4,500.00 plus the costs of Dr. Soboloff’s treatment of the plaintiff in connection with this particular case.
MR. MOPSIK: [plaintiff’s attorney]
And the X-rays, if I may add, which was in connection with this.
THE COURT:
Associated with it.
MR. WEILL: [defendants’ attorney]
And I understand that those costs are $85.00 for X-rays and $125.00 for the doctor.
MR. MOPSIK:
For Dr. Hyman Soboloff.
MR. WEILL:
We agree to pay that.
Approximately one month later, defendants’ attorneys submitted to plaintiff a draft for $4,710.00 together with releases. Because of the discovery of medical evidence after the court appearance, plaintiff refused to accept the check and sign the accompanying documents. Defendants thereupon filed a motion to enforce settlement, which was granted. From the judgment ordering her to execute settlement documents, plaintiff has appealed. We reverse.
LSA-R.S. 23:1272 sets forth the procedure for settlement in worker’s compensation cases:
*667 § 1272. Court appointed attorneys; venue; approval of compromise by court
The agreement entered into between the employee or his dependents and the employer or his insurer, shall be presented to the court for its approval upon a joint petition verified by all parties thereto. The judge to whom the petition is presented shall, in every case, discuss the settlement and its terms with the employee or his dependents. When the employee or his dependents are not represented by a lawyer the petition shall be presented to the district court in the parish of the domicile or principal place of business of the defendant, or in the parish where the accident occurred, or in the parish of the domicile of the employee or his dependents, at the option of the employee or his dependents, and the judge shall appoint one to advise them relative to the proposed compromise settlement. A reasonable fee for such services shall be fixed by the court and taxed as costs. The judge shall require such proof of the dispute between the parties and of the other facts set out in the joint petition as he thinks proper.
The statute expressly requires a written, verified joint petition of settlement to be approved by the trial judge. Absent compliance with this statutory procedure, there is no settlement. See Jasmin v. Gafney, Inc., 357 So.2d 539 (La.1978).
In our case, no written settlement was presented to the court for its approval. The attorneys only orally agreed to a settlement and indicated they would “subsequently present workman’s compensation forms or papers.” Without a joint, written petition verified by the parties, as required by LSA-R.S. 23:1272, the colloquy dictated in the record in our case does not constitute a valid and enforceable compromise. Under these circumstances, either party wás free to withdraw its assent to the tentative agreement before the signing of a verified petition and a judgment of approval. See Nguyen v. Lengsfield Bros., Inc., 417 So.2d 525 (La.App. 4th Cir.1982).
Accordingly, the judgment appealed from is reversed and set aside. The matter is remanded for further proceedings.
REVERSED AND SET ASIDE; REMANDED.