446 So.2d 1204 (1984)
Labertha COLBERT
v.
LOUISIANA STATE UNIVERSITY DENTAL SCHOOL and Underwriters Adjusting Company.
No. 83-C-1753.
Supreme Court of Louisiana.
February 27, 1984.
*1205 Mary H. Thompson, Felix R. Weill, Watson, Blanche, Wilson & Posner, Baton Rouge, for applicant.
Norman Mopsik, New Orleans, for respondents.
BLANCHE, Justice.
This case presents the question of whether an oral compromise of a workers' compensation claim, made in open court and approved by the trial judge prevents the plaintiff from subsequently withdrawing from the compromise before a joint verified petition is presented to the court.
Labertha Colbert, the plaintiff, was an employee of the Louisiana State University Dental School. In June, 1980, she tripped on a telephone cord during work, and suffered injuries to her back and neck. Plaintiff then filed suit against her employer, claiming total and permanent disability arising from an injury incurred during the course and scope of her employment. On the day set for trial, the parties agreed on a compromise settlement of $4,710.00. This compromise was presented in open court to the trial judge, who dictated his approval of the settlement into the record. The apparent understanding of the parties at the time, as evidenced from the record, was that settlement papers would be presented by the parties in the future, reflecting the terms of the oral compromise.[1]
Subsequent to the oral agreement, plaintiff was examined by another physician, who diagnosed additional back injuries and estimated that plaintiff would continue to have a 15% permanent disability over her whole body. Because of this additional medical opinion, plaintiff refused to accept defendant's settlement check or sign the accompanying releases. Defendant then filed a motion to enforce the oral settlement, which the trial court granted. Plaintiff appealed the trial court's order to execute settlement documents, arguing that the agreement in open court was not binding.
The 4th Circuit reversed, finding that the oral agreement did not comply with the explicit terms of La.R.S. 23:1272, which requires that compromises of workers' compensation claims be presented to the court in the form of a joint verified petition. 436 So.2d 665. Absent the joint, written petition, the Court of Appeal concluded that no settlement was effected.
In support of his argument that a binding compromise was effected, defendant cites this Court's decision in Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500 (La.1979). The Martin case involved a compromise between an injured employee and his employer in open court on the day the case was to be tried. The trial judge approved the compromise and one month later signed a written judgment. Afterwards, the employer attempted to appeal, and the employee moved for a dismissal of the appeal on the basis that no appeal can be taken by a party who has confessed judgment. La.Code of Civil Procedure, Art. 2085. This court concluded that the employer's acquiescence to the compromise did constitute a confession of judgment for purposes of Art. 2085 "because it was made in open court and amounted to an admission by the employer to the validity of Martin's claim." 376 So.2d at 502. Defendant contends that the same principle which barred the employer's appeal in Martin ought likewise to preclude the instant plaintiff from withdrawing from her compromise.
*1206 La.Civil Code Article 3071 provides that a compromise between two parties must be "reduced to writing or recited in open court and capable of being transcribed from the record of the proceeding." Both forms of compromise may be judicially enforced. Applying only this general codal principle and the Martin definition of confession of judgment, defendant's contention would appear to have much force. However, we must also consider the language and legislative intent of R.S. 23:1272, to determine what variations from the statutory directives are permissible.
R.S. 23:1272 sets forth quite specifically the requirements for a compromise of a workers' compensation claim. Quite significantly, the statute uses the imperative "shall" in stating the requirement for a joint petition verified by all the parties to the agreement. In the past, this court has recognized that the form provided in R.S. 23:1272 sets forth a mandatory and invariable guideline, which "creates an exception to other general statutory or jurisprudential rules of compromise and supersedes them in the area in which it is intended to operate." Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 (La.1980). Thus, the general rules of compromise and confession of judgment are not applicable to workers' compensation suits. The legislative purpose is evident from a reading of the statute as a whole. R.S. 23:1272 was designed to provide numerous safeguards to prevent an employee from being coerced. Recognizing the economic pressures on an injured worker to settle quickly, the legislature created a system whereby both parties must submit a verified petition for the court's approval. Thereupon, the trial judge is obligated to discuss the compromise thoroughly with the employee. The judge is further entitled to ask for additional facts if he feels the petition is inadequate for him to assess its validity. By thus requiring the employee to sign the agreement he wishes to undertake, and then discuss the compromise with the judge, the statute prevents a hasty and possibly ill-advised resolution of the worker's claim.
We therefore affirm the Court of Appeal's holding that, unless the parties comply with the statutory requisite joint verified petition, an oral settlement in open court will not give either party the right to specific performance. See Jasmin v. Gafney, 357 So.2d 539 (La.1978).
Defendant's reliance on Martin is misplaced. Martin dealt with the right of an employer to appeal once he has let an oral judgment be signed by the trial court without objections, rather than the issue of whether the employee could withdraw before a written petition was presented. However, Martin`s suggestion that an in court oral settlement, without more, acts as a confession of judgment is erroneous, insofar as it applies to the approval of a compromise settlement of a disputed workmen's compensation claim, and to this extent, is overruled.

DECREE
For the foregoing reasons, the judgment of the court of appeal, reversing and remanding the trial court's judgment is affirmed.
AFFIRMED.
DIXON, C.J., concurs, but is of the opinion the Martin case should not be overruled.
DENNIS and LEMMON, JJ., dissent and will assign reasons.
CALOGERO, Justice, concurring.
The Martin case is distinguishable and need not be overruled. A judgment was entered in Martin.
NOTES
[1] Tr., p. 2 states:

THE COURT:
Let the record reflect that this case was docketed for trial on its merits as of today's date. Following a pretrial conference, the attorneys of record informed the court that they have settled and they will subsequently present workmen's compensation settlement forms or papers. They have asked the Court to approve of the settlement and the Court has approved and spoken to the claimant. The settlement is for the defendant to pay to the plaintiff the sum of $4,500.00 plus the costs of Dr. Soboloff's treatment of the plaintiff in connection with this particular case.