657 So.2d 394 (1995)
Lillie SANDERS, Plaintiff-Appellant,
v.
HARRISONBURG NURSING HOME, Defendant-Appellee.
No. 95-114.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*395 Albert William Block Jr., West Monroe, for Lillie Sanders.
James Dey Kirk, Bradley John Gadel, Alexandria, for Harrisonburg Nursing Home.
Before DOUCET, C.J., and THIBODEAUX, and PETERS, JJ.
THIBODEAUX, Judge.
The plaintiff, Lillie Sanders, appeals a judgment of the Office of Workers' Compensation Administration in favor of her employer, Harrisonburg Nursing Home. Ms. Sanders received temporary total disability benefits from September 30, 1992, through August 30, 1994.
On July 22, 1994, the date set for trial, the parties agreed to a compromise settlement of $3,200.00. The compromise agreement was not completed. Ms. Sanders filed a rule seeking statutory penalties and attorney's fees.
At the November 4, 1994, hearing, the hearing officer denied Ms. Sanders' request for penalties and attorney's fees, and gave the parties thirty days to submit settlement documents. Because the hearing officer found the parties had only reached an agreement to settle; the settlement had not been presented to her for approval; and a consent judgment had not been entered; penalties were disallowed.
Because the record amply supports the hearing officer's finding, we affirm.

ISSUE
The issue presented for review is whether a workers' compensation claimant is entitled to statutory penalties for a failure to complete a compromise agreement within thirty days where that agreement has not yet been approved by a hearing officer or where a consent judgment has not been entered.

FACTS
Lillie Sanders was injured on September 30, 1992, in the scope of her employment with defendant, Harrisonburg Nursing Home. Ms. Sanders received temporary total disability benefits on a weekly basis from the date of her accident until August 30, 1994. In late 1993, Ms. Sanders filed a disputed claim form seeking additional medical services for weight loss and rehabilitation. The dispute progressed, and the case was set for hearing on July 22, 1994.
On July 22, 1994, the parties informed the hearing officer they had reached a settlement in the case. A transcript of this proceeding is attached to this opinion as Appendix A.
The settlement was not completed, and Ms. Sanders filed a rule for statutory penalties and attorney's fees. Ms. Sanders argues the settlement agreement was the equivalent of a confession of judgment. This proposed judgment was a valid confession of judgment because it was made in open court, and amounted to the employer's admission of the validity of the claim. According to the claimant, the defendant's failure to pay the settlement amount within thirty days subjects it to penalties and attorney's fees. Ms. Sanders characterizes the settlement agreement as a final non-appealable judgment.
*396 Harrisonburg Nursing Home forwarded the settlement documents to Ms. Sanders' attorney on August 30, 1994. Harrisonburg paid workers' compensation benefits of $308.41 through this date. Ms. Sanders' attorney refused to sign the initial settlement documents. He claimed the forms were incomplete. The attorney for the nursing home claims the delays are due to his opponent's refusal to sign the documents, and his request to continue the hearing while out of the country. Harrisonburg's attorney argues penalties and attorney's fees are improper because there was no final non-appealable judgment, only a compromise agreement.
The hearing officer ruled that compromise agreements in workers' compensation cases are perfected by and conditioned upon approval by the hearing officer and, consequently, denied the plaintiff's request for attorney's fees and penalties.

LAW & DISCUSSION
Ms. Sanders' position is untenable.
The hearing officer properly found compromise agreements in workers' compensation cases are perfected by and conditioned upon approval by the hearing officer. This approval is required by La.R.S. 23:1272, which provides:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties. (Emphasis supplied).
Because the Workers' Compensation Act provides for compromise settlements, these specific provisions are controlling. Ryder v. Industrial Construction Company, 616 So.2d 857 (La.App. 3 Cir.), writ denied, 619 So.2d 1068 (La.1993). Furthermore, a compromise agreement for a workers' compensation claim is not binding and enforceable until it has been judicially approved. Id.
The supreme court addressed this issue in Colbert v. Louisiana State University Dental School, 446 So.2d 1204 (La.1984). Colbert held that unless the parties in a workers' compensation proceeding comply with the statutory requisite joint verified petition, an oral settlement in open court will not give either party the right to specific performance. 446 So.2d at 1206. Ms. Sanders relies heavily on Martin v. Holzer Sheet Metal Works, Inc.,[1] 376 So.2d 500 (La.1979). However, as Justice Calogero pointed out in his concurrence in Colbert, Martin is distinguishable because it involved the entry of a judgment. Here, a consent judgment was not entered.
Ms. Sanders relies on La.R.S. 23:1201(F) which states, in pertinent part, that:
If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions *397 over which the employer had no control.
In this case, there is no language which suggests a final, non-appealable judgment. The attached transcript shows nothing more than an agreement to compromise. This preliminary agreement is not a confession of judgment. The parties did not submit a petition detailing the settlement as required by the statute. Ms. Sanders has no right to either penalties or attorney's fees at this juncture in the case.
For the above reasons, we affirm the hearing officer's ruling.
AFFIRMED.

APPENDIX A

TRANSCRIPT OF HEARING, JULY 22, 1994
THE COURT: Today is July 22, 1994, here at Harrisonburg, Louisiana, in the matter of Lillie Sanders Versus Docket No. 93-09333 Harrisonburg Nursing Home. I'll ask Counsel to state your appearance for the record, please.
MR. BLOCK: A.W. Block on behalf of the claimant.
MR. KIRK: James D. Kirk on behalf of the defendant, Affiliated Nursing Homes, Inc.
THE COURT: Okay. And it's my understanding that you-all have reached a settlement in this case.
MR. BLOCK: Yes, ma'am, we have. The matter before the Court was a Form 1008 seeking a weight loss program and rehabilitation. In connection with that, we have reached a compromise agreement for resolution of the entire matter. The claim will be settled by the payment of $3,200.00 by Affiliated Nursing Homes to the Claimant. The claims under this Petition 1008 will be dismissed.
There were also rules for contempt for failure to produce. In connection with this agreement, those will also be dismissed.
THE COURT: Okay.
MR. KIRK: I think technically it was a rule for contempt and a motion for penalties and attorney's fees, two separate motions.
MR. BLOCK: That is correct.
THE COURT: Okay. Very good. I commend you on your efforts to resolve this matter. Congratulations. That concludes this matter and our docket for today.
(The proceedings were concluded at 9:35 a.m.)
NOTES
[1] Colbert at 1206 states that:

"... Martin's suggestion that an in court oral settlement, without more, acts as a confession of judgment is erroneous, insofar as it applies to the approval of a compromise settlement of a disputed workmen's compensation claim, and to this extent, is overruled."
Because Martin is, in our view, readily distinguishable, we doubt the validity of this expression, particularly since four justices, a majority of the supreme court, disagreed with this view.