11 STEWART, Judge.
The employee, Bennie Walters, (Walters) appeals a decree from the Office of Worker’s Compensation, Caddo Parish, in favor of the employer, Isle of Capri Casino, and against Walters ordering the enforcement of a oral compromise agreement made in open court in settlement of the worker’s compensation claim.
FACTS
Bennie Walters was employed by the Isle of Capri Casino as a dealer when he injured his arm while dealing cards. He sought medical treatment and ultimately filed a suit for benefits. The parties stipulated that on or about December 16, 1995 Walters sustained a work-related injury, that Walters was employed as a blackjack dealer for the Isle of Capri Casino, and that Walters timely reported his injury to his supervisor. After pre-trial proceedings, the parties appeared for trial on November 26, 1996. On *336 that date, Walter’s attorney and the counsel for the casino reached a compromise agreement which was recited in open court and dictated into the record. Leslie B. Bagley, the hearing officer, accepted the settlement and directed the preparation of settlement documents to be presented at a later date. Walters subsequently discharged his attorney, hired a new attorney and refused to accept the settlement cheek and sign the joint petition to compromise settling the workers’ compensation claim.
On April 28, 1997, a hearing was held on a motion to compel filed by the employer. Hearing Officer, Leslie B. Bagley, found that the oral compromise agreement was an enforceable compromise agreement between the parties and signed an Order on May 13, 1997 enforcing the compromise agreement pursuant to La. C.C. Art. 3071. This appeal followed.
^ENFORCEMENT OF ORAL COMPROMISE AGREEMENT
Walters urges that the hearing officer erred in ordering the enforcement of the oral compromise agreement of worker’s compensation benefits pursuant to La. C.C. Art. 3071. Walters’ appeal raises the issues of whether La. C.C. Art. 3071 applies to worker’s compensation claims, whether an oral agreement is an enforceable compromise claim and whether a joint petition verified by the employee is a mandatory prerequisite to compromise of a worker’s compensation claim. Because of the similarity of the issues involved, they are discussed together.
The employer contends that the oral compromise agreement of worker’s compensation benefits reached in open court and dictated on record constitutes a binding compromise between the parties pursuant to La. C.C. Art. 3071 and La. R.S. 23:1271. The employer further argues that once the court determines a settlement has been reached pursuant to La. R.S. 23:1271 the agreement “shall” be presented to a hearing officer for approval and that if the written settlement documents are not provided it does not follow that a settlement agreement pursuant to R.S. 23:1271 as well as La. C.C. Art. 3071 does not exist.
However, La. R.S. 23:1272 sets forth quite specifically the requirements for a compromise of a worker’s compensation claim:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The ^hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties.
“Quite significantly, the statute uses the imperative ‘shall’ in stating the requirement for a joint petition verified by all the parties to the agreement.” Colbert v. Louisiana State University Dental School, 446 So.2d 1204, 1206 (La.1984). In the past, the Louisiana Supreme Court has recognized that the form provided in R.S. 23:1272 sets forth a mandatory and invariable guideline, which “creates an exception to other general statutory or jurisprudential rules of compromise and supersedes them in the area in which it is intended to operate.” Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 (La. 1980). Thus, the general rules of compromise and confession of judgment are not applicable to workers’ compensation suits. Colbert, supra.
In the instant case, this court is of the opinion that the employer’s rebanee upon La. C.C. Art. 3071 is misplaced. Matters involving worker’s compensation claims are governed exclusively by the Worker’s Compensation Act, La. R.S. 23:1021, and the general law of contracts is inapplicable when in contravention of the provisions of that act. Nothing in the amendment of the worker’s *337 compensation law has eliminated the need to comply with the mandates of La. R.S. 23:1272: a joint verified petition, a finding that claimant understands settlement and a finding that it is fair and equitable.
La. R.S. 23:1272 was designed to provide numerous safeguards to prevent an employee from being coerced and allowing any party to withdraw at any time prior to submission of a verified petition for the court’s approval. Recognizing the economic pressures on an injured worker to settle quickly, the legislature created a system whereby both parties must submit a verified petition for the court’s approval. Accordingly, the trial judge is obligated to discuss the compromise | thoroughly with the employee. The judge is further entitled to ask for additional facts if he feels the petition is inadequate for him to assess its validity. By thus requiring the employee to sign the agreement he wishes to undertake, and then discuss the compromise with the judge, the statute prevents a hasty and possibly ill-advised resolution of the worker’s claim. Colbert, supra at 1206.
The Louisiana Supreme Court’s holding in Colbert v. Louisiana State University Dental School, 446 So.2d 1204 (La.1984), clearly controls. Therefore, unless the parties file and comply with the statutorily requisite joint verified petition, an oral settlement in open court will not give either party the right to specific performance. Jasmin v. Gafney, 357 So.2d 539 (La.1978). Colbert v. Louisiana State University Dental School, 446 So.2d 1204, 1206 (La.1984). Where no written settlement in a worker’s compensation case was presented to the trial court for approval, but the attorneys orally agreed and dictated it on record, with the written document to be presented to the court at a later date, the oral settlement dictated into the record does not constitute a valid and enforceable compromise under the La. R.S. 23:1272 which requires a written verified joint petition of settlement approved by the trial judge. We find that because the proposed settlement of $2,500.00 is not in writing, it is not a compromise but an unenforceable agreement to compromise.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and vacated. The matter is remanded for further proceedings. All costs of this appeal are assessed against the appellee, Isle of Capri Casino.
REVERSED AND VACATED; REMANDED.