715 So.2d 165 (1998)
Cynthia DAWSON
v.
CINTAS CORPORATION.
No. 97 CA 2275.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*166 Arthur Cobb, Linda Ritzie, Baton Rouge, for Plaintiff/Appellant Cynthia Dawson.
Gregory S. Unger, Metairie, for Defendant/Appellee Cintas Corp.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Ad Hoc.
CARTER, Judge.
This is an appeal by a workers' compensation claimant of a stipulated judgment, awarding her $5,000.00 in a lump sum settlement. Claimant asserts that she did not agree to the settlement and objects to the stipulated judgment.

FACTS
Appellant, Cynthia Dawson, was injured on October 10, 1994, when she slipped in some rainwater and fell during the course and scope of her employment at Cintas Corporation (Cintas). Cintas' workers' compensation insurer, Kemper Insurance Company (Kemper), paid Dawson $120.07 per week from October 20, 1994, to June 5, 1995. Kemper ceased payment of Dawson's indemnity benefits when she was released to return to work. However, Dawson contends that the pain became unbearable, and she felt she could not return to work. Although Kemper paid for further medical treatment, it did not pay any additional indemnity benefits. Dawson filed a disputed claim for compensation on August 9, 1996, because she felt she could no longer work.
Trial was set for March 7, 1997. Following a conference between Dawson, her attorney, and counsel for defendants, a settlement agreement was read into the record. The terms of the settlement provided for a lump sum payment of $5,000.00 and that Dawson would be responsible for any further medical expenses incurred as a result of the October 12, 1996 accident.[2] There was also a provision that Dawson would voluntarily resign her employment with Cintas.
The settlement agreement was then reduced to writing; however, the plaintiff refused to sign the settlement document. The stipulated judgment was presented to the workers' compensation judge without any signatures of attorneys or litigants and was signed on May 19, 1997.
*167 Dawson appealed the judgment of the workers' compensation judge, asserting the stipulated judgment was obtained in violation of LSA-R.S. 23:1271 and LSA-R.S. 23:1272; and in the alternative, that the settlement should be annulled for ill practices on the part of defendant's attorney who allegedly deleted Dawson's name from the agreement and presented it for the workers' compensation judge's signature without Dawson's approval.

LAW AND DISCUSSION
Pursuant to LSA-C.C.P. art. 2164, an appellate court must render judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. LSA-C.C.P. arts. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Augustus v. St. Mary Parish School Board, 95-2498, p. 16 (La.App. 1st Cir. 6/28/96); 676 So.2d 1144, 1156. The appellate briefs of parties are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Augustus v. St. Mary Parish School Board, 676 So.2d at 1156.
In the instant case, attached to Dawson's brief is her affidavit which was not introduced into evidence at the proceedings before the workers' compensation judge. As such, the affidavit is not part of the appellate record and is not properly before us on appeal. Thus, we cannot address Dawson's allegations regarding her attorney's actions and the circumstances described in the affidavit surrounding the oral agreement to settle her case. Rather, we can only consider whether the settlement complies with the statutory requirements for a lump sum settlement.
LSA-R.S. 23:1272 provides in pertinent part:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.[3]
The Louisiana Supreme Court put to rest the question of whether an oral compromise of a workers' compensation claim, made in open court and approved by the trial judge, prevents the plaintiff from subsequently withdrawing from the compromise before a joint verified petition is presented to the court in Colbert v. Louisiana State University Dental School, 446 So.2d 1204 (La.1984). Referring to LSA-R.S. 23:1272, the court noted that the statute used the imperative "shall" in stating the requirement for a joint petition to be verified by all the parties to the agreement. Colbert v. Louisiana State University Dental School, 446 So.2d at 1206.
The supreme court found that unless the parties complied with the statutory requirement of a joint verified petition, an oral settlement in open court will not give either party the right to specific performance. Colbert v. Louisiana State University Dental School, 446 So.2d at 1206; see also, City of Jennings Police Department v. Dorr, 96-244, p. 3 (La.App. 3rd Cir. 6/26/96); 676 So.2d 1128, 1129; Sanders v. Harrisonburg Nursing Home, 95-114, p. 4 (La.App. 3rd Cir. 5/31/95); 657 So.2d 394, 396, writ denied, 95-1629 (La.10/6/95); 661 So.2d 469.
The agreement was presented in the form of a stipulated judgment, which is not in compliance with the requirements of LSA-R.S. 23:1272. Dawson did not sign a petition for a lump sum or compromise settlement or the stipulated judgment. Further, there was no type of accompanying verification or accompanying affidavit executed by Dawson or the defendants. After reviewing the record, *168 we find the statutory requirements of LSA-R.S. 23:1272 were not met; thus, there is no enforceable settlement. Having determined that the judgment of the workers' compensation judge must be reversed, it is unnecessary to consider the other issues raised in the appeal.
Dawson argues she was coerced into stating in open court that she agreed and understood the terms of the proposed settlement. A review of the transcript reveals the following exchange:
THE COURT:
Ms. Dawson, do you understand the agreement? You must state, yes. She can't pick it up on the tape.
MS. DAWSON:
Yes.
THE COURT:
And you agree?
MS. DAWSON:
Yes.
We do not find this exchange to be evidence of any type of coercion of Ms. Dawson. The workers' compensation judge merely informed Dawson she had to respond so the court reporter could take down her answer. Following this instruction, the workers' compensation judge again asked Dawson if she agreed, whereupon Dawson had the opportunity to state her objection for the record. Dawson stated no objection; however, because the settlement does not comply with statutory requirements, the settlement is unenforceable.

CONCLUSION
Considering the law and the record before us, we find that there is no enforceable settlement to the workers' compensation claim because of the parties' failure to comply with LSA-R.S. 23:1272 as interpreted by our supreme court in Colbert v. Louisiana State University Dental School, supra. We hereby reverse the stipulated judgment signed by the workers' compensation judge on May 19, 1997, and remand the case for further proceedings. All costs of this appeal are assessed to the defendants, Cintas Corporation, and its insurer, Kemper Insurance Company.
JUDGMENT REVERSED AND CASE REMANDED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] The stipulated judgment refers to the date of Dawson's accident as October 12, 1996; however, Dawson's petition alleges the date of her accident was October 10, 1994. Neither party noted or explained this inaccuracy.
[3] Pursuant to Acts 1997, No. 88, effective June 11, 1997, "workers' compensation judge" was substituted for the phrase "hearing officer."