hWALTZER, Judge.
Louisiana Worker’s Compensation Corporation (LWCC), defendant, appeals the amount, $63,825.00, of the attorney’s fees award.
FACTS AND PROCEDURAL HISTORY
Claimants, two health care providers, demanded payment from defendant, a provider of worker’s compensation benefits, for services rendered to numerous individuals.[1] .
Both Executive Chiropractic and Magazine Radiology demanded reimbursement for certain services rendered to three patients, James Holmes, Henry Pate and Ferdinand Young. The parties began the trial of the claims concerning these three patients. At a recess in the trial, the parties agreed to settle, and they recited this settlement on the record without the presence of the judge.
In this settlement, LWCC agreed to pay $9,710.00, including $5,000.00 in late fees. The parties settled Executive Chiropractic’s claims for services to Young, Pate and Holmes, for $6,880.00, including $3,000.00 in late fees. LWCC agreed to pay Magazine Radiology $2,840.00, including $2000.00 in late fees, for claims concerning Pate and Young. Furthermore, the parties agreed, “In addition feto that, there will be a petition filed in court for attorneys fees to be approved by the court in relation to these cases.”
On 13 November 1997, claimants’ attorney filed a FEE PETITION, demanding $63,-825.00. In their petition, claimants stated, “the parties agreed that counsel for claimant/health care provider would submit a fee petition to the court for approval, and said petition would be based upon the time spent in pursuing said claims.” Claimants further represented that “[a]s per the Itemized Statement of Time attached hereto as Exhibit ‘A’, a total of 425.50 hours were spent in the prosecution of these claims.” The ten pages of the Statement do not specify that the hours identified were necessary to the claims by Executive Chiropractic and Magazine Radiology for services rendered to Young, Holmes, and Pate.
LWCC opposed the amount of the demand for attorney’s fees. Without hearing, the trial court ordered LWCC to pay the requested amount in attorneys’ fees, $63,-825.00. After receipt of the opposition, the trial court rescinded the order, summarily awarding attorney’s fees, and set the matter for contradictory hearing, on 12 January 1998.
On 10 February 1998, the trial court rendered a judgment awarding the claimants $63,825.00 in attorney’s fees. The trial court determined that the amount which the claimants demanded was reasonable. LWCC appeals the amount of this award.
MOTION TO DISMISS APPEAL
Claimants ask this court to dismiss LWCC’s appeal. Executive Chiropractic and Magazine Radiology argue that LWCC consented to the judgment and that La.C.C.P. art.2085 precludes our consideration of this appeal. LWCC argues that the agreement between the parties, oh the record of the trial court but out of the ^presence of the trial judge, does not constitute either a confession of judgment or a valid and enforceable settlement agreement.
La.C.C.P. art.2085 provides:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
The record does not establish a confession of judgment. Although a confession of judgment precluding an appeal need not be in writing or in a particular form, it must consist of an admission by a party in the proceedings in the trial court of his opponent’s claim in such a way as to leave no issue to be tried. Martin v. Holzer Sheet Metal Works, Inc., 376 So.2d 500, 501 (La. *1250 1979); overruled for other reasons by Colbert v. Louisiana State University Dental School, 446 So.2d 1204, 1206 (La.1984).Furthermore, the Supreme Court explained, in Martin, that an in-court confession of judgment precludes an appeal under the code because it is made under the eye of the court and therefore without force or pressure. An extrajudicial confession, on the other hand, does not have this effect because it is not made under the court’s protection. Martin, supra at 501.
In Colbert, the Supreme Court explained that the general rules of compromise and confession of judgment are not applicable to workers’ compensation suits because La.R.S. 23:1272 creates an exception to other general statutory or jurisprudential rules. Colbert, supra at 1206. However, La.R.S. 23:1272 provides numerous safeguards to prevent an employee from being coerced and applies to settlements or compromises between the employee or his dependent hand the employer or his insurer. Colbert, supra at 1206. La.R.S. 23:1271(B). In this suit between the medical care providers and the insurer, the requirements of La.R.S. 23:1272 are not applicable. Therefore, the general rules concerning settlements and compromises control.
LWCC appeals a judgment, awarding the claimants $63,825.00 in attorney’s fees, signed by the trial court after contradictory hearing. This judgment was not entered into by consent of the parties.
At trial, the parties agreed to settle several claims. However, the record proves that the parties did not agree on an award of attorney’s fees, but they resolved that the court must decide this issue. Moreover, the parties confected their agreement without the court’s protection. The record reflects that the agreement arose during a recess of the trial and was recorded out of the presence of the trial judge. Therefore, we are not persuaded that the agreement constitutes a confession of judgment under the terms of La. C.C.P. art.2085.
AWARD FOR ATTORNEY’S FEES
After hearing, the trial court awarded claimant’s attorney’s fees, totaling $63,825.00. Because the oral agreement read into the record but out of the presence of the trial court, does not comply with the requirements of La.C.C. art. 3071 that the agreement is recited in open court, the trial court erred when it awarded attorney’s fees, without a determination that the actions of LWCC were arbitrary and capricious and the claims were not reasonably controverted. Bourgeois v. Franklin, 389 So.2d 358, 361 (La.1980). La.R.S. 23:1201(F)(2). Furthermore, claimants must prove their entitlement to an award of reasonable attorney fees. La.R.S. 1201(F)(4). Moreover, claimants bear the burden of proving „5that the amount of such an award is based on actual hours worked on the claims currently before the court. Id.
From the record, we are unable to make the necessary determinations. Therefore, we remand the case for consideration of whether the claimants have proven their entitlement to an award of attorney’s fees, and if such an award is made, whether the claimants have proven an amount of reasonable attorney’s fees based upon actual hours worked on the claims for services rendered to Holmes, Young, and Pate by Executive Chiropractic and Magazine Radiology.
CONCLUSION
For the above reasons, we reverse the decision of the trial court to award $63,825.00 in attorney’s fees, based solely on the unwritten agreement of the parties. We remand the case to the trial court for a determination of whether claimants have proven an entitlement to such an award and if such an award is made, whether claimants have proven an amount of reasonable attorney fees based on actual hours worked on the specific claims currently before the court.
REVERSED AND REMANDED.

. The record, lodged with this court, does not contain any pleadings prior to the claimants' demand for attorney’s fees.