833 So.2d 1047 (2002)
Diane DANIEL, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
Brenda Hutto, Plaintiff-Appellee,
v.
Wal-Mart Stores, Inc., Defendant-Appellant.
Nos. 36,451-WCA, 36,673-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 2002.
Rehearing Denied January 23, 2003.
*1048 Allen & Gooch, by Charles M. Kreamer, Sr., Lafayette, for Defendant-Appellant.
Street & Street, by C. Daniel Street, Monroe, for Plaintiff-Appellee.
Before GASKINS, DREW and HARRISON (Pro Tempore), JJ.
HARRISON, Judge Pro Tempore.
The employer, Wal Mart Stores, appeals two judgments assessing statutory penalties and attorney fees in these worker compensation cases. The claimants, Diane Daniel and Brenda Hutto, answer the appeal, *1049 seeking additional attorney fees. We reverse.

Procedural background
Daniel and Hutto were employees of the Wal Mart Super Center in West Monroe. In separate incidents, they injured their backs lifting heavy objects at work in December 2000. They filed separate disputed claims which were set for trial on December 19, 2001. They were represented by the same counsel, who appeared and announced they had settled their cases. Wal Mart's counsel confirmed that they had resolved the matters by agreeing to pay Daniel $2,220 and Hutto $10,000, together with a full release of all claims and promises not to re-apply for work at Wal Mart. In accepting Daniel's settlement, the WCJ stated:
After hearing the terms of the settlement, the court finds that it is in the claimant's best interest to settle this matter, and the court hereby approves the settlement. However, I am going to require written documents to be forwarded within 30 days just so we can maintain the record.
The WCJ's oral ruling in Hutto's case was virtually identical.
On January 22, 2002, the claimants filed motions to enforce the settlements. They alleged that Wal Mart had failed to pay the settlements within 30 days as required by R.S. 23:1201 G. They received both sets of settlement papers on January 18, but no funds, and the amount stated in Daniel's release was wrong. They prayed for statutory penalties and attorney fees. The cases were set for February 18 and consolidated. Both sides filed briefs, addressing whether the 1999 amendment to La. R.S. 23:1272 A makes an oral compromise, recited and acknowledged in open court, a final nonappealable judgment.
After hearing arguments, the WCJ ruled that its judgment was final on December 19, 2001. Specifically, the 1999 amendment to R.S. 23:1272 A authorizes the approval of settlements in open court. She cited Cormier v. Ellender's Portable Bldg., 00-1595 (La.App. 3 Cir. 2/28/01), 781 So.2d 776, to hold that an oral settlement recited in open court has the same force and effect as a signed judgment. Finally, she found that even with holidays and personal emergencies, 30 days was sufficient to pay the settlements. She therefore assessed a statutory penalty of $2,400 in favor of Hutto and $1,000 in favor of Daniel, and attorney fees of $1,000 each, against Wal Mart.
Wal Mart now appeals; the claimants answer.

Discussion
Wal Mart raises two assignments of error. First it contends that there was no final judgment on December 19, as every final judgment must be "signed by the judge" and "identified as such by appropriate language." La. C.C.P. arts.1911, 1918. It argues that in compensation cases specifically, the 30-day payment period of R.S. 23:1201 G does not begin to run until the consent judgment is signed by the WCJ. In support it cites Sanders v. Harrisonburg Nursing Home, 95-114 (La.App. 3 Cir. 5/31/95), 657 So.2d 394, writ denied 95-1629 (La.10/6/95), 661 So.2d 469, and Colbert v. Louisiana State Univ. Dental School, 446 So.2d 1204 (La.1984).
By its second assignment, Wal Mart urges that even if the December 19 judgment was final, a penalty is not warranted because nonpayment resulted from conditions over which Wal Mart had no control. La. R.S. 23:1201 F(2). It argues that because the WCJ "clearly contemplated" the need for settlement papers, there was ambiguity as to when payment was due, thus *1050 negating the imposition of penalties and attorney fees.
The approval of compromise settlements in worker compensation cases is governed by La. R.S. 23:1272. Since amendments in 1999 and 2001, this statute provides in pertinent part:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding. (Emphasis added.)
Prior to the 1999 amendment, the parties were required to file a joint verified petition in order to enforce a specific agreement to compromise a compensation claim. Colbert v. Louisiana State Univ. Dental School, supra. The amendment added the method of reciting and acknowledging, in open court, the terms of the settlement such that they can be transcribed from the record. 1999 La. Acts No. 776, § 1, effective August 15, 1999.[1]
The 1999 amendment superseded the holding of Colbert. Cormier v. Ellender's Portable Bldg., supra; Bellanger v. LaSalle Community Action, 02-199 (La. App. 3 Cir. 10/2/02), 827 So.2d 599. For this reason, we find no merit in Wal Mart's first assignment of error, relying on Colbert and Sanders, supra. Moreover, legislation such as R.S. 23:1272, which is directed to a specific matter, will prevail as an exception to a more general statute such as C.C.P. art.1911. Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980); Edwards v. Sawyer Indus. Plastics Inc., 31,316 (La.App. 2 Cir. 11/1/00), 790 So.2d 29, writ granted, 00-3240 (La.2/2/01), 783 So.2d 376.
Wal Mart's second assignment, however, has merit. Enforcement of worker compensation judgments is governed by R.S. 23:1201, which provides in pertinent part:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control.
The penalty provision does not apply "if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." R.S. 23:1201 F(2). Awards of penalties and attorney fees in compensation cases are essentially penal in nature, and intended to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry Inc., 98-2271 (La.6/29/99), 737 So.2d 41. Although the compensation statute is liberally construed in regard to benefits, penal statutes are strictly construed. Id.; Langley v. Petro Star Corp. of La., 01-0198 (La.6/29/01), 792 So.2d 721; Harvey v. BE & K Const. Co., 34,057 (La.App. 2 Cir. 11/15/00), 772 So.2d 949, writ denied, *1051 00-3560 (La.3/9/01), 786 So.2d 732. Penalties and attorney fees under R.S. 23:1201 are permissible only when the facts negate probable cause for nonpayment. Durham v. Plum Creek Mfg., 32,888 (La.App. 2 Cir. 5/10/00), 760 So.2d 564, and citations therein.
As noted, the WCJ approved the settlements but also required written documents to be filed within 30 days to "maintain the record." While the compromise was final upon compliance with R.S. 23:1272 A, Wal Mart was nevertheless under a court order to prepare a written judgment. This created some ambiguity as to whether the 30-day period of R.S. 23:1201 G was to begin running on December 19 or when the written compromise was filed. See, Kosmitis v. Bailey, 96-1573 (La.10/4/96), 680 So.2d 1167. Notably, Wal Mart did present written compromises to Daniel and Hutto within the 30-day period provided by the WCJ.
Because R.S. 23:1201 G is penal in nature, it can apply only when the employer or insurer fails, within 30 days, to comply with a clear order to pay compensation benefits. On this record, we must find that the oral order of December 19 is not sufficiently clear to warrant imposing penalties and attorney fees. The judgments will therefore be reversed.
We note that Bellanger v. LaSalle Community Action, supra, involved the same WCJ who utilized a similar procedure, approving a compromise in open court but giving the employer only 15 days to submit "the necessary documents." The employer tendered payment over two months after the court hearing; the WCJ assessed penalties and attorney fees for failure to make timely payment. The third circuit affirmed, but obviously did not consider the ambiguity in the WCJ's oral ruling. From our close reading of the instant record, bearing in mind the strict construction of R.S. 23:1201 G, we find that penalties and attorney fees are not warranted in this case. The judgment will be reversed.
By answer to appeal, the claimants request additional attorney fees for handling the appeal. An increase in attorney fees is usually awarded when (1) the defendant appeals and obtains no relief, (2) the appeal necessitates additional work on the part of the claimant's counsel, and (3) the claimant properly presents the issue by appealing or answering the appeal. Caparotti v. Shreveport Pirates Football Club, 33,570 (La.App. 2 Cir. 8/23/00), 768 So.2d 186, writ denied, 00-2947 (La.12/15/00), 777 So.2d 1230. When the defendant obtains relief, no additional attorney fees are awarded. Insurance Co. of North Amer. v. Labit, 99 2449 (La.App. 1 Cir. 11/15/00), 772 So.2d 385; Palisi v. City of New Orleans Fire Dept., 95-1455 (La.App. 4 Cir. 3/12/97), 690 So.2d 1018, writs denied, 97-0953 (La.6/20/97), 695 So.2d 1352, 97-1293 (La.6/20/97), 695 So.2d 1363. Because Wal Mart obtained relief, no additional attorney fees are due.

Conclusion
For the reasons expressed, the judgments assessing statutory penalties of $2,400 in favor of Brenda Hutto and $1,000 in favor of Diane Daniel, and attorney fees of $1,000 in favor of each, against Wal Mart Stores, is reversed. Appellate costs are assessed to the claimants.
REVERSED.

APPLICATION FOR REHEARING
Before STEWART, GASKINS, KOSTELKA, DREW, and HARRISON, JJ.
Rehearing denied.
NOTES
[1] The 2001 amendment made further changes to R.S. 23:1272, but these have no bearing on this case.