651 So.2d 301 (1994)
Donald PITRE, Plaintiff-Appellee,
v.
AL JOHNSON CONSTRUCTION CO., et al., Defendants-Appellants.
No. 94-290.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
Order Granting Application for Rehearing in Part December 20, 1994.
Application for Rehearing Denied December 20, 1994.
*302 Michael Keith Leger, Opelousas, for Donald Pitre.
Henry Gerard Terhoeve, Baton Rouge, for Al Johnson Const. Co.
Before LABORDE, KNOLL and THIBODEAUX, JJ.
Order Granting Plaintiff's Application for Rehearing in Part December 20, 1994.
Defendant's Application for Rehearing Denied December 20, 1994.
THIBODEAUX, Judge.
The defendants in this workers' compensation case, Al Johnson Construction and Louisiana Insurance Guaranty Association, appeal a judgment negating their unilateral taking of an offset because of social security disability payments and assessing penalties and attorney fees. Plaintiff, Donald Pitre, answered the appeal and requests a reversal of the judgment insofar as it determines him permanently and totally disabled. He also requests penalties and attorney fees to cover the costs of appeal.
For the reasons which follow, we reverse: (1) the judgment finding Pitre permanently and totally disabled; (2) the award of social security benefits offset to defendants; (3) the assessment of penalties and attorney fees against LIGA and the assessment of attorney fees against Al Johnson Construction.
We affirm the award of penalties against the employer, Al Johnson Construction, and render judgment in favor of Pitre for additional temporary total benefits of $6.78 per week from February 22, 1993. Finally, we deny Pitre's request for attorney fees on appeal.

ISSUES
The issues are whether Pitre is permanently and totally disabled and whether LIGA can be assessed penalties and attorney fees.

FACTS
The parties stipulated Pitre was injured May 18, 1984 in the course and scope of his employment as a diesel mechanic and heavy equipment operator for Al Johnson Construction. From the date of the accident until the time of trial, Pitre underwent at least nine surgical procedures to help correct the injuries to his neck, right shoulder and right hand. From 1985 through 1987, Pitre attempted to return to work but his attempts were sporadic and short lived. After two surgeries in 1987, Pitre never again returned to work.
Compensation was originally paid by Johnson's insurer, American Mutual. American Mutual went bankrupt and LIGA assumed *303 the claim in April, 1989. On August 20, 1992, after receiving a letter from the Office of Social Security that it was paying Pitre permanent disability, LIGA unilaterally reduced the temporary total benefits from $125.89 per week to $119.11 per week. On October 1, 1992, LIGA reclassified Pitre as permanently and totally disabled. It terminated his benefits completely on February 17, 1993 on the belief compensation had been paid to him while he was simultaneously working and receiving compensation benefits. Pitre filed this claim.
After the trial, the hearing officer of the Louisiana Office of Workers' Compensation found Pitre permanently and totally disabled, primarily on Pitre's testimony that he felt he could do only the lightest work for a very brief period of time. She found LIGA erroneously took a unilateral offset for social security benefits and wrongfully terminated benefits. She ruled defendants were entitled to an offset from the date of judicial demand, February 22, 1993. Finally she assessed penalties and attorney fees against defendants.

LAW AND ANALYSIS

I. Disability
We first consider Pitre's disability status as resolution of this issue disposes of the need to discuss offsets. The hearing officer found Pitre permanently and totally disabled. He claims to be temporarily totally disabled and entitled to full compensation without offset. We agree.
Pitre's disability is total. That is not disputed. American Mutual voluntarily paid temporary total benefits after the accident and LIGA continued those payments until it took the unilateral offset and reclassified him as permanently and totally disabled. The question then is whether his disability is permanent or temporary.
La.R.S. 23:1221(2)(c) requires a claimant prove permanent and total disability by clear and convincing evidence, absent any presumption of disability, that he is
"... physically unable to engage in any employment or self-employment, regardless of the nature or character or the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment."
Before a claimant can be found permanently and totally disabled, the hearing officer must consider the possibility of rehabilitation. La.R.S. 23:1226(D) provides:
Prior to the hearing officer adjudicating an injured employee to be permanently and totally disabled, the hearing officer shall determine whether there is reasonable probability that, with appropriate training or education, the injured employee may be rehabilitated to the extent that such employee can achieve suitable gainful employment and whether it is in the best interest of such individual to undertake such training or education.
In determining a claimant's candidacy for rehabilitation, the hearing officer should consider his age, education and training, physical abilities and medical evidence. See, Warren v. H & W Steel Erectors, Inc., 569 So.2d 178 (La.App. 1st Cir.1990). The hearing officer concentrated primarily on the number of surgeries performed on Pitre and Pitre's statements regarding what work he felt capable of doing. Her considerations were proper, but insufficient. She overlooked the reports of Pitre's treating physicians which provided the most pertinent evidence of his candidacy for rehabilitation.
The overwhelming opinions of Pitre's treating physicians are that vocational counseling, rehabilitation and pain management would be beneficial to Pitre. Dr. Robert Rivet expressed this opinion clearly in a letter to Dr. Olga Arter, a pain management specialist, wherein he wrote:
Since my last communication with you dated 4-12-91, the patient returned today, 6-10-91. Unfortunately, he has not been cleared to see you and is still having some complaints. I told him had nothing further to offer him and he has been discharged by Dr. Anseman. I think it is unfortunate that his adjuster will not allow *304 him to pursue care by you as I think that there is a good chance he could be helped. (Emphasis added).
Dr. Lazaro, who treated Pitre for his shoulder and hand injuries, also expressed concern over obtaining occupational guidance and therapy for him. He wrote on November 2, 1989:
I think that when it is permissible with regard to all physicians involved that he should have the availability of rehabilitation consultation so that he can be given some guidance as to occupational possibilities in the face of his residuals from the above described problems.

He is obviously very concerned about it... I think it is most important that he be given assistance with a plan of management towards a productive life in the face of those residuals. (Emphasis added).
On March 26, 1990, Dr. Lazaro wrote that Pitre had a thirty-five percent impairment of his right shoulder which would prevent him from repetitive reaching or working over his head or at shoulder height. He assessed impairment of Pitre's thumb at thirty to thirty-eight percent. He concluded Pitre was capable of functioning in a very light capacity. In a letter to rehabilitation specialist Theresa Nyce, dated March 19, 1992, Dr. Lazaro indicated Pitre was physically capable of performing certain jobs chosen by Nyce.
Finally, Dr. Norman Anseman, Pitre's neurosurgeon, stated in a letter dated January 23, 1990 that it was time to consider either returning Pitre to light duty work or begin training him for eventual work. On March 4, 1991, he recommended referring Pitre to a pain management specialist.
The medical evidence has three treating physicians stating their opinion that some form of rehabilitative therapy would benefit Pitre. We held in Guillory v. City of Lake Charles, 614 So.2d 165 (La.App. 3d Cir.), writ denied, 616 So.2d 700 (1993) that where medical evidence establishes the possibility that rehabilitation could return a claimant to some form of employment, that claimant cannot be determined permanently and totally disabled. In Whithers v. Timber Products, Inc., 574 So.2d 1291 (La.App. 3d Cir.), writ denied, 580 So.2d 378 (1991), we held a claimant could not be found permanently and totally disabled where his treating physician did not rule out the possibility of improvement or recovery.
The medical evidence positively indicates rehabilitation therapy would benefit Pitre. Because Pitre did not receive the recommended therapy, the possibility that it would return him to some form of employment is sufficient to overcome a finding of permanent and total disability. Moreover, not one of his treating physicians stated that Pitre was permanently disabled. While the hearing officer emphasized Pitre's own lack of faith in his ability to work, such emphasis overlooks that a change in attitude might be brought about by proper therapy, counseling and pain management.
Defendants argue that it is Pitre's own fault that therapy was not received as his attorney would not allow him to be treated by defendants' therapist, Nyce. Pitre's counsel asked for another therapist because Nyce was not yet licensed in Louisiana. His requests were denied. We do not believe Pitre was being unreasonable in requesting a qualified therapist. Moreover, declining to see Nyce has no relation to defendants' denial of the physicians' request that Pitre be treated by a pain management specialist.
Disability is a factual issue determined by a consideration of the totality of the evidence, both lay and medical. Eglin v. United Gas Pipeline, 93-1179 (La.App. 3d Cir. 4/6/94), 635 So.2d 599, rehearing denied, 5/19/94; Lemoine v. Schwegmann Giant Supermarkets, Inc., 607 So.2d 708 (La.App. 4th Cir.), writ denied, 609 So.2d 258 (La.1992). We conclude that the hearing officer committed error in overlooking the overwhelming medical evidence that Pitre may be rehabilitated and in concluding that Pitre is permanently and totally disabled. We reverse this ruling and enter judgment finding Pitre temporarily totally disabled.
Finding Pitre temporarily totally disabled disposes of the issues involving offsets as they are only applicable where claimant is *305 permanently and totally disabled. See, La. R.S. 23:1223.

II. Penalties & Attorney Fees
LIGA claims it is immune from penalties and attorney fees. La.R.S. 23:1201(E) and La.R.S. 23:1201.2 are punitive in nature and require strict construction. They apply to only "insurers" and "employers." LIGA is considered an "association." Strict construction dictates that LIGA is an entity not intended to be included within the meaning of the statutes. Bowens v. General Motors Corporation, 608 So.2d 999 (La.1992); Louisiana Insurance Guaranty Association v. Cloud, 627 So.2d 758 (La.App. 2d Cir.1993). We adhere to this jurisprudential rule reluctantly because the record reveals LIGA grossly neglected its duty to ascertain the true status of Pitre's health and ability to work. Although LIGA's neglect is indefensible, we are limited by the directive of Bowens, supra, in reversing that portion of the hearing officer's judgment.
We likewise reverse the judgment of attorney fees against Al Johnson Construction. La.R.S. 23:1201.2 permits assessing attorney's fees against "[a]ny insurer liable for claims ... and any employer whose liability for claims ... is not covered by insurance." Johnson was insured at the time of the injury to Pitre. American Mutual, its insurer, paid compensation for nearly five years. We cannot say that Johnson's liability was "not covered by insurance" to the extent that charging it with fees is warranted. While LIGA is not an insurer, it did assume the responsibilities of insurer and therefore continued the coverage Johnson enjoyed with American Mutual. Thus, we conclude it was error to assess attorney fees against Johnson and for the foregoing reasoning deny the request for attorney fees on appeal as well.[1]
We affirm the judgment of penalties against Al Johnson Construction. The hearing officer obviously believed it to be arbitrary and capricious in the denial of benefits as Pitre's claim was not reasonably controverted as required by the statute. The conclusions of the hearing officer regarding the appropriateness of penalties is a question of fact and subject to the manifest error rule. Scott v. Central Industries, Inc., 602 So.2d 201 (La.App. 3d Cir.1992). Clearly, Johnson was aware of the actions of LIGA and the status of its former employee. Consequently, the assessment of penalties was reasonably based on the evidence.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is reversed except insofar as it casts Al Johnson Construction with penalties. We render the following judgment.

DECREE
We reverse the judgment finding Donald Pitre permanently and totally disabled and render judgment finding him temporarily totally disabled. We reverse the award of social security benefits offset to Louisiana Insurance Guaranty Association and render judgment in favor of Pitre for owed temporary total benefits of $6.78 per week for every week from February 22, 1993. We reverse the assessment of penalties and attorney fees against LIGA and the assessment of attorney fees against Al Johnson Construction. We affirm the award of penalties against Al Johnson Construction. Finally, we deny Pitre's request for attorney fees on appeal.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

ON REHEARING
We granted Donald Pitre's Application for Rehearing to reconsider the questions of the proper amount of Pitre's temporary total benefits and the date on which interest begins to accrue on his compensation installment payments.
Our original opinion incorrectly used $125.89 as Pitre's weekly benefits rate. In *306 fact, Pitre's benefits were reduced by $125.89. His actual weekly entitlement is $245.00. Rather than additional benefits of $6.78 per week from February 22, 1993, he should be entitled to an additional $125.89 per week from February 17, 1993. In other words, Mr. Pitre is owed temporary total benefits of $245.00 per week for every week from August 20, 1992, subject to a credit of $119.11 per week which the defendants paid from August 20, 1992 through February 17, 1993.
Mr. Pitre's injury arose before January 1, 1990, the effective date of La.R.S. 23:1201.3(A). Legal interest is awarded on all installment payments from the date each payment was due. Bordelon v. Vulcan Materials Co., 472 So.2d 5 (La.1985).
For the foregoing reasons, our original opinion is modified to the extent indicated.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED AS MODIFIED ON REHEARING.
NOTES
[1] See, Johnson v. Vinson Guard Service, Inc., 92-2187 (La.App. 1st Cir. 3/11/94); 636 So.2d 914, wherein the court discussed an employer's liability for attorney's fees where it was insured and insurer bankrupted and LIGA assumed responsibilities. Employer was held liable, however, because it was partially self-insured.