LANDRIEU, J.,
dissenting.
I agree with the majority that the judgment against the St. Bernard Parish Police Jury should be reversed. Not only were all the decisions concerning the filing of the disputed claim made by LIGA, but also, St. Bernard is an insured employer, and as such, cannot legally be assessed attorney’s fees under the law in effect at the time of the accident. See La. Rev. Stat Ann.23:1201.2 (West 1994); Pitre v. Al Johnson Construction Co., 94-290 (La.App. 3 Cir. 10/5/94), 651 So.2d 301.
However, I disagree with the majority’s decision to cast LIGA in judgment for the following reasons.
First, the claimant, Mr. Muría, has neither appealed in his own right nor filed an answer to the appeal. Therefore, we are precluded from granting him any affirmative relief. La.Code Civ. Pro. Art. 2133. Because the granting of a judgment against LIGA, a party not cast in judgment by the worker’s compensation court, constitutes affirmative relief, I believe the majority’s decision is in error;
Moreover, as the majority recognizes, the Louisiana Supreme Court held in Bow-ens v. General Motors Corp. supra, that LIGA is exempt from liability for | ¡.attorney’s fees by virtue of R.S. 22:1382. In the instant case, I believe the majority’s decision to hold LIGA responsible for the same fees under Code of Civil Procedure article 863 is an improper circumvention of the worker’s compensation law.
Finally, part E of article 863 specifies that a sanction for violation of the article may be imposed “only after a hearing at which any party or his counsel may present any evidence or argument relative to the imposition of the sanction.” This language contemplates a hearing on the merits to determine whether the attorney or party signing the pleading has in fact done so in violation of the specific precepts set forth in part B of the article. In my opinion, the hearing held by the worker’s compensation judge in this case did not satisfy 863(E) because the purpose of the hearing was to determine whether attorney’s fees should be assessed under the worker’s compensation law, and if so, in what amount; the judge did not even consider article 863.
Accordingly, I would reverse the judgment of the lower court against the St. Bernard Parish Police Jury. However, this court has no authority to “amend” the judgment as to LIGA, which has not been appealed. Therefore, I respectfully dissent from that portion of the majority’s opinion.