# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 07-941

**MARK PELTIER, ET AL.**

**VERSUS**

**MANUEL BUILDERS, LLC**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 104358-G
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**REVERSED.**

**Edward Paul Landry**
**Landry, Watkins, Repaske & Breaux**
**P. O. Drawer 12040**
**New Iberia, LA 70562-2040**
**(337) 364-7626**
**Counsel for Plaintiffs/Appellees:**
**Mark Peltier**
**Chris Peltier**

**Sera Hearn Russell, III**
**Attorney at Law**
**P. O. Box 53866**
**Lafayette, LA 70505-3866**
**(337) 237-7171**
**Counsel for Defendant/Appellant:**
**Manuel Builders, LLC**

**Paul Joseph McMahon, III**
**Attorney at Law**
**P. O. Box 3643**
**Lafayette, LA 70502-3643**
**(337) 233-6768**
**Counsel for Defendant/Appellant:**
**Manuel Builders, LLC**

**SAUNDERS, Judge.**

This is a case where the parties disagreed as to whether a valid transaction or compromise had been reached between them. The plaintiffs are homeowners who entered into a building contract with the defendant, a home builder. After completion of the home, the plaintiffs filed suit alleging that the home was defectively built. The defendant filed an Exception of Prematurity pursuant to an arbitration clause in the construction contract. Prior to a scheduled arbitration hearing, both parties agreed to continue the arbitration hearing without date. After receiving no communication from the home builder's attorney for a period of time, the plaintiffs filed a Motion to Enforce Settlement that was granted by the trial court. Defendant appealed.

We find that the record does not contain sufficient evidence to grant the plaintiffs' Motion to Enforce Settlement. The record has no written transaction or compromise and no recitation of any transaction or compromise in open court. As such, we reverse the trial court's judgment granting plaintiffs' motion and assess plaintiffs with all costs of this appeal.

**FACTS AND PROCEDURAL HISTORY:**

Plaintiffs, Mark and Chris Peltier (hereinafter "the Peltiers"), contracted with Manuel Builders, LLC (hereinafter "Manuel") to build a home. On December 22, 2004, the Peltiers filed suit against Manuel alleging defective construction of the home. Manuel filed an Exception of Prematurity due to an arbitration clause contained in the construction contract entered into by the Peltiers and Manuel. Both parties agreed to have the exception hearing continued and proceed with arbitration.

During the process of arbitration, settlement negotiations between the parties took place. Counsel for Manuel, Mr. Paul J. McMahon, III, wrote a letter dated November 28, 2006, to counsel for the Peltiers, Edward P. Landry, stating that his

client is willing to purchase the house back to settle the case, and, if the Peltiers were so inclined, to please advise as to the sales price. Manuel's counsel then wrote a letter dated November 29, 2006, informing the American Arbitration Association that the parties were on the verge of resolving the dispute and, therefore, both parties were requesting that the arbitration hearing presently set for December 4-5, 2006, be continued. Thereafter, counsel for the Peltiers sent various letters to Manuel, thorough its attorney, indicating that a settlement had been agreed upon and that the settlement would be that Manuel would purchase the house back for the appraised value of $218,500.00.

After communications on the settlement halted, the Peltiers filed a Motion to Enforce Settlement in the Parish of Iberia. No opposition was filed to the motion, nor did Manuel or its attorney make any appearance to oppose the motion. The trial court granted the Peltiers's motion. Manuel suspensively appealed alleging that the evidence was insufficient to grant the Peltiers's motion as the alleged transaction or compromise was not written, nor was it recited in Open Court as required by La.Civ.Code art. 3071.

**ASSIGNMENT OF ERROR:**

Manuel contends that the trial court committed a reversible error when it granted the Peltiers's Motion to Enforce Settlement when it ruled that the letters exchanged between counsel, one containing an offer to begin settlement negotiations and the other containing an appraisal estimate, was sufficient to create a settlement agreement. We agree.

Louisiana Civil Code Article 3071 of the Louisiana Civil Code of 1870, applicable to the case at bar, provides as follows:

2

A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

This contract *must either be reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding*. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. (Emphasis added.)[1]

The clear and explicit language of the article is that a transaction or compromise must either: (1)be reduced to writing or (2) be recited in Open Court. Here, the record contains evidence of neither. Our Louisiana Supreme Court, in *Felder v. Georgia Pacific Corp.*, 405 So.2d 521, 523 (La.1981), held that even though La.Civ.Code art. 3071 does not provide for the consequences of failing to reduce a compromise into writing, "a compromise which is not reduced to writing is unenforceable." *Bourgeois v. Franklin*, 389 So.2d 358 (La.1980); *Jasmin v. Gafney, Inc.*, 357 So.2d 539 (La.1978).

Since *Felder*, La.Civ.Code art. 3071 has been amended to add the possibility that a compromise be enforceable if its contents were recited in Open Court and are capable of being transcribed from the record of the proceeding. After reviewing the record, we find no such recitation in Open Court as neither Manuel, nor its counsel, appeared at the proceeding.

---

[1] The editor's notes from the Louisiana Civil Code (2008) state the following: "Book III, Title XVII of the Louisiana Civil Code of 1870, 'Of Transaction or Compromise,' consisting of Articles 3071 through 3083 was revised, amended and reenacted by Acts 2007, No. 138, effective August 15, 2007, to consist of Articles 3071 through 3083." In that revision, Louisiana Civil Code of 1870 Article 3071, at issue here, was revised into La.Civ.Code arts. 3071 and 3072. Although this change was made, Revision Comments (a) under both articles state that the intent of the Legislature was not to change the law. Revision Comment (a) under La.Civ.Code Art. 3072 also states that it "preserves the requirement of Article 3071 of the Louisiana Civil Code of 1870 that a compromise must be reduced to writing."

The Peltiers contend that the letters exchanged between the parties respective counsel, when read in light of the other letters included in the record, show that a transaction or compromise was reached. The Peltiers attempt to bolster their argument on language that appears in *Felder*, 405 So.2d at 524, that is as follows: "Where two instruments, when read together, outline the obligations each party has to the other and evidence each party's acquiescence in the agreement, a written compromise agreement, as contemplated by La.C.C. art. 3071 has been perfected." The Peltiers's reliance on this language is misguided.

In *Felder*, 405 So.2d at 523-24, our supreme court stated:

[T]he requirement that the agreement be in writing and signed by both parties does not necessarily mean that the agreement must be contained in one document. It would suffice that there be *a written offer signed by the offerer and a written acceptance signed by the acceptor*, even if the offer and the acceptance are contained in separate writings.

After reviewing the record, we find no such written offer or acceptance signed by Manuel. The language cited by the Peltiers refers to a situation where, for example, a plaintiff offers, via a signed document, to settle a case for a certain sum and a defendant, in a different signed document, accepts the plaintiff's offer to settle that case for that certain sum. Here, the first letter referenced by the Peltiers consists of a letter from Manuel's attorney indicating that Manuel is agreeable to purchasing the house back from the Peltiers. The November 28, 2006, letter, in pertinent part, states, "[a]s we discussed, my client [Manuel] is amiable to purchasing the house back from the Peltiers. If the Peltiers are so inclined please advise us as to the sales price of the same." There is no language that can reasonably be interpreted to indicate that Manuel offered to purchase the house back for any particular sales price. This language can only reasonably be interpreted as an invitation for an offer to be made

4

by the Peltiers, not as an offer by Manuel.

The next document that the Peltiers contend can be interpreted to indicate a transaction or compromise is a letter from Manuel's attorney to an arbitrator wherein it, in pertinent part, states:

> This correspondence is to advise you that the parties are *on the verge* of resolving this matter and thereby are both requesting that the arbitration hearing presently set for December 4 -5, 2006 be continued, without date, in order to allow the settlement to be consummated. (Emphasis added.)

First, the plain language of the letter is that the parties are "on the verge" of settling the matter, not that they have settled the matter. Second, this letter is not addressed to the Peltiers. Accordingly, to find that this letter constitutes a signed offer or acceptance of settlement from Manuel to the Peltiers would be unreasonable.

The Peltiers claim that two other documents show a transaction or compromise. They point to a letter from their attorney to Manuel's attorney and a letter from the arbitrator to their and Manuel's attorney. While these letters may be construed as evidence that a settlement was reached, the article and jurisprudence clearly require that either Manuel or his representative sign a written offer or acceptance. Neither letter contains a written offer or acceptance on Manuel's behalf..

The Peltiers also argue that because Manuel filed no opposition to their Motion to Enforce Settlement, despite being notified of its existence, and also because counsel for Manuel failed to respond to repeated communication attempts, the trial court correctly granted the motion. This argument lacks merit. Neither Manuel nor its counsel are under any legal obligation to appear to oppose the motion; nor was Manuel apparently aware of the attempts made by counsel for the Peltiers to contact Manuel's counsel. The lack of an opposition to a motion does not guarantee its

5

success. The party that brings a motion still has the burden of proving that the motion has merit. Here, the Peltiers failed to do so.

**CONCLUSION:**

We find that the trial court committed reversible error when it ruled that the letters exchanged between counsel for the Peltiers and Manuel, along with other letters included in the record, were sufficient to create an enforceable settlement between the parties. The record does not contain the evidence necessary to prove that a valid transaction or compromise had been reached between Manuel and the Peltiers. As such, the judgment granted to the Peltiers by the trial court is reversed. All costs associated with this appeal are to be paid by the Peltiers.

**REVERSED.**